UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANCESPORT VIDEOS, LLC, an Arizona limited liability company; and DIGITAL VIDEO CREATIONS, INC., a California corporation, | Case No.:  09cv1873 LAB(RBB) |
| Plaintiffs, | **ORDER AND PRELIMINARY INJUNCTION** |
| v. | |
| EDIZA ONLINE, INC., a California corporation; AS SEEN ON TV INFOMERCIALS, INC., a Florida Corporation; FRANK BIANCO, an individual; FRANK BIANCO, INC., a Florida corporation; SHAREWELL GROUP, INC., a California corporation; MICHAEL SCHER, an individual; EUGENE SCHER, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | |

On August 28, 2009, the Court issued an order granting Plaintiffs' *ex parte* application for seizure of goods and for a temporary restraining order.  A hearing was held on September 4, 2009, the Court held a hearing as is required under Fed. R. Civ. P. 65(b)(2).  The Defendants who were named in the original complaint (the "Original Defendants") were present and represented by counsel.

1

At the hearing, the Court entered an order as agreed to by Defendants and directed that Plaintiffs prepare a draft order embodying the substance of the rulings made from the bench and present it to Defendants' counsel for approval as to form and content.  (Hearing Tr. At 22:3–6.)  After the hearing, Plaintiffs amended their complaint to add two new Defendants who were not the subject of the TRO application or the motion for preliminary injunction, and who were not named in any of the Court's previous orders.

After some delay, Plaintiffs filed a notice that they were not able to agree on the form of the proposed order, and attached their proposed order as an exhibit.  The Court then ordered Defendants to show cause why the proposed order should not be issued.  Defendants filed responses (collectively, "Response") consenting to entry of much of the order, but objecting to certain aspects of it.  Defendants are now represented by different counsel than at the hearing.

## I.      Preliminary Injunction as Issued

At the hearing, the Court issued an order from the bench.  This order applies only to Plaintiffs and the Original Defendants, not the newly-added Defendants.  The Response apparently assumes no injunction is in place, which is incorrect.  The Court specifically entered an injunction as contemplated at the hearing:

> The Court:  As of today I order —as of this moment, I order the injunction in effect along the lines that have been agreed to by the parties.
>
> The Defendants understand the effect of the Court's order today?
>
> Mr. Pfingst [Defendants' counsel]:  Yes.
>
> The Court:  The TRO is continued in all respects with the exception of the duty of production of that computer, and I made a special order with respect to that.
>
> Mr. Pfingst:  For the record, my clients are in court at this time, have been in court and are aware of the Court's ruling having been present at the time it was made.

(Hearing Tr. 22:7–19.)

2

1   The Court made additional rulings with regard to preservation of the computer, which is

2   Defendant Frank Bianco's laptop (Hearing Tr. 22:21–23:2), as well as the return of certain

3   income tax returns (*id.*, 23:13–24:20.)

4          In other words, this order merely memorializes the orders the Court has already made,

5   which continue in force against Plaintiffs and the Original Defendants.  Defendants request

6   that the injunction not be entered until Plaintiffs' have conducted an inventory and return tax

7   forms.  The injunction, however, is already in place.  If Defendants believe they are being

8   injured by Plaintiffs' disobedience to the Court's order they can seek an order holding

9   Plaintiffs in contempt.

10         At the hearing, the Original Defendants consented through counsel they would

11  preserve the contents of Frank Bianco's laptop and it would be kept in Defendants' counsel's

12  custody.  They also conceded the seized materials the Court ordered seized were pirated, but

13  argued they had no reason to suspect they had bought pirated materials.  Although they now

14  seek to challenge the portion of the order directing seizure of pirated materials and documents

15  relating to those materials, and preservation of the laptop, they have presented the Court with

16  no appropriate basis for reconsideration.  If Defendants believe other materials were wrongly

17  seized, they can seek return of this, but in the meantime they should obey the Court's order.

18  **II.    Injunction**

19         Neither version of the injunction proposed by the parties is in complete harmony with

20  that original order.  The Court has reviewed the proposed order and objections, and has

21  adopted the proposed language it believes most closely reflect its original order.

22         The Court finds Plaintiffs have shown that they are likely to succeed on the merits of

23  their infringement and counterfeiting claims based on claims of Defendants' wrongful use of

24  DanceSport's federally registered "CORE RHYTHMS" marks and federally registered

25  copyrighted material in connection with counterfeit exercise DVDs.

26         The Court finds that Plaintiffs will be irreparably harmed by Defendants' advertising,

27  marketing, distributing, offering for sale, and sale of infringing products.

28         / / /

The Court finds that the balance of hardships tips in favor of Plaintiffs and that the public interest weighs in favor of granting a preliminary injunction; and

The Court finds that Plaintiffs have made a showing that injunctive relief is warranted given, *inter alia*, that Defendants were offering goods for sale marked with trademarks registered on the Principal Register of the United States Patent and Trademark Office in connection with the distribution, offering for sale and selling of goods (*i.e.*, exercise DVDs); that such goods were counterfeits and not genuine licensed goods; that the counterfeit products infringe Plaintiffs' copyrights, trade dress and trademarks; and that Plaintiffs will likely be irreparably harmed by infringement.  The Original Defendants have consented to an injunction forbidding them to infringe on Plaintiffs' copyrights, trade dress and trademarks.

The Court therefore **ORDERS** as follows:

**(a)**    The Original Defendants and each of their shareholders, members, owners, parents, subsidiaries, affiliates, distributors, licensees, successors, heirs, assigns, officers, directors, employees, agents, attorneys, and all persons and entities who now or hereafter are in privity with or act in concert with any of them, are hereby temporarily restrained from all of the following acts:

(1)    marketing, advertising, offering to sell, or selling any product, package, fitness program, video, DVD, or any other item of any kind that is or ever was named or labeled with the words "CORE RHYTHMS" or any colorable imitation thereof;

(2)    marketing, advertising, offering to sell, or selling any product in connection with the words "CORE RHYTHMS" or any colorable imitation thereof;

(3)    using the words "CORE RHYTHMS" or any colorable imitation thereof on any website or in any other marketing, advertising, or sales materials of any kind;

(4)    manufacturing, importing, assembling, labeling, or distributing in any way any product, package, fitness program, video, DVD, or any other

item of any kind that was copied, in whole or in part, from any "CORE RHYTHMS" product;

(5) manufacturing, importing, labeling, or distributing in any way product, package, fitness program, video, DVD, or any other item of any kind that is or ever was named or labeled with the words "CORE RHYTHMS" or any colorable imitation thereof;

(6) transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting, or otherwise parting with custody, control, or possession of any product, package, fitness program, video, DVD, or any other item of any kind that is or ever was named or labeled with the words "CORE RHYTHMS" or any colorable imitation thereof (other than as otherwise expressly ordered in writing by this Court);

(7) modifying, re-labeling, re-packaging, re-naming, concealing, or otherwise changing the content, appearance, trade dress, name, packaging, or any other element, aspect, characteristic, or feature of any product, package, fitness program, video, DVD, or other item that is or ever was named or labeled with the words "CORE RHYTHMS" or any colorable imitation thereof (other than as otherwise expressly ordered in writing by this Court);

(8) transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting, or otherwise parting with custody, control, or possession of (or modifying, editing, concealing, or otherwise changing the content of) any document, data, or record (including, but not limited to, any computer file, e-mail, spreadsheet, and any other record existing in electronic form) relating in any way to the manufacture, purchase, importation, labeling, assembling, distributing, marketing, advertising, offering to sell, selling, or shipping of any product, package, fitness program, video, DVD, or any other item of any

kind that is or ever was named or labeled with the words "CORE RHYTHMS" or any colorable imitation thereof (including, but not limited to, any record relating to any purchase or any sale of any item bearing those words or any colorable imitation thereof); or

(9) infringing any of the trademarks or copyrights listed below:

(a) CORE RHYTHMS® (U.S. Trademark Reg. No. 3189058).

(b) CORE RHYTHMS DANCE EXERCISE PROGRAM® (U.S. Trademark Reg. No. 3272320).

(c) Copyright Serial No. 1-58135431, for title CORE RHYTHMS FULL WORKOUT DVD COVER, Reg. No. VA 1-636-818, with Issue/Reg Date of 4/26/08.

(d) Copyright Serial No. 1-58135470 for title CORE RHYTHMS QUICK WORKOUT DVD COVER, Reg. No. VA 1-632-982, with Issue/Reg Date of 4/26/08.

(e) Copyright for title CORE RHYTHMS KICK START DVD COVER, Reg. No. VA 1-632-983, with Issue/Reg Date of 4/26/08.

(f) Copyright for title LATIN DANCE MADE EASY DVD COVER, Reg. No. VA 1-632-984, with Issue/Reg Date of 4/26/08.

(g) Copyright for title 7-DAY DIET GUIDE, Reg. No. VA 1-632-981, with Issue/Reg Date of 4/26/08.

(h) Copyright for title CORE RHYTHMS STARTER PACKAGE (RETAIL PKG), Reg. No. VA 1-632-129, with Issue/Reg Date of 4/26/08.

(i) Copyright for title CORE RHYTHMS FULL WORKOUT DVD, Reg. No. PA 1-597-830, with Issue/Reg Date of 4/26/08.

(j) Copyright for title CORE RHYTHMS QUICK WORKOUT DVD, Reg. No. PA 1-597-829, with Issue/Reg Date of 4/26/08.

(k) Copyright for title CORE RHYTHMS KICK START DVD, Reg. No. PA 1-597-831, with Issue/Reg Date of 4/26/08.

/ / /

6

(l) Copyright for title CORE RHYTHMS LATIN DANCE MADE EASY DVD, Reg. No. PA 1-597-826, with Issue/Reg Date of 4/26/08.

(m) Copyright for title CORE RHYTHMS 2-MINUTE COMMERCIAL, Reg. No. PA 1-602-500, with Issue/Reg Date of 7/18/08.

(n) Copyright for title CORE RHYTHMS LONG FORM COMMERCIAL (VERSION 1), Reg. No. PA 1-602-498, with Issue/Reg Date of 7/18/08.

(o) Copyright for title CORE RHYTHMS LONG FORM COMMERCIAL (VERSION 2), Reg. No. PA 1-602-502, with Issue/Reg Date of 7/18/08.

(p) Copyright for title CORE RHYTHMS SALSA BLAST DVD COVER, Reg. No. VA 1-636-477, with Issue/Reg Date of 5/16/08.

(q) Copyright for title CORE RHYTHMS SWING SENSATION DVD COVER, Reg. No. VA 1-636-468, with Issue/Reg Date of 5/16/08.

(r) Copyright for title CORE RHYTHMS LATIN SYNERGY DVD COVER, Reg. No. VA 1-686-472, with Issue/Reg Date of 5/16/08.

(s) Copyright for title CORE RHYTHMS LATIN SYNERGY DVD, Reg. No. PA 1-602-494, with Issue/Reg Date of 5/16/08.

(t) Copyright for title CORE RHYTHMS SALSA BLAST DVD, Reg. No. PA 1-602-472, with Issue/Reg Date of 7/18/08.

(u) Copyright for title CORE RHYTHMS SAMBA FUSION DVD, Reg. No. PA 1-602-437, with Issue/Reg Date of 7/18/08.

(v) Copyright for title CORE RHYTHMS SAMBA FUSION DVD COVER, Reg. No. VA 1-671-725, with Issue/Reg Date of 5/16/2008.

(w) Copyright for title CORE RHYTHMS SWING SENSATION DVD, Reg. No. PA 1-602-452, with Issue/Reg Date of 7/18/2008.

(x) Copyright for title CORE RHYTHMS CLUB MIX COLLECTION.

(b)    The Original Defendants and each of their shareholders, members, owners, parents, subsidiaries, affiliates, distributors, licensees, successors, heirs, assigns, officers, directors, employees, agents, attorneys, and all persons and entities who now or hereafter are

7

in privity with or act in concert with any of them, **immediately shall remove** any and all references to "CORE RHYTHMS" and any videos from any CORE RHYTHMS DVDs from any and all websites over which they have any ownership or control including, but not limited to, the websites at the domain names <www.asseenontv-infomercials.com>,<http://ediza.securesites.net>, <asontv.com> and <www.asseenontvonline.net>.

(**c**)     The Original Defendants and each of their shareholders, members, owners, parents, subsidiaries, affiliates, distributors, licensees, successors, heirs, assigns, officers, directors, employees, agents, attorneys, and all persons and entities who now or hereafter are in privity with or act in concert with any of them, shall deliver to counsel of record for Plaintiffs, for impounding by said counsel and for inspection, **every product, package, fitness program, video, DVD, and other item** of any kind that is or that ever was named or labeled with the words "CORE RHYTHMS" or any colorable imitation thereof.  Plaintiffs shall take possession of the 702 DVDs named or labeled with the words "CORE RHYTHMS" that were seized and impounded by United States Customs and Border Protection.

(**d**)     The Original Defendants' counsel shall take possession of the laptop computer used by Defendant Frank Bianco that was not found and not seized, in its condition as of 11:00 a.m. on September 4, 2009; that there will be no alterations made before it is given over to counsel, or alternatively, that without any alterations being made and a mirror image copy of the hard drive be obtained and that be turned over to counsel, who shall take possession forthwith.  The parties should contact Magistrate Judge Reuben B. Brooks regarding any discovery they seek.

(**e**)     The cash bond previously posted by Plaintiffs in the amount of $2,500.00 shall remain on deposit with the Clerk of the Court as security for this preliminary injunction.

**IT IS SO ORDERED.**

**Dated: 11-18-09**

**Honorable Larry Alan Burns**
**United States District Judge**

8